**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW MEXICO**

ARMANDO GANDARA,

    Plaintiff,

  v.                                                                                                  No. CIV 09-0552 MV/RHS

NEW MEXICO CORRECTIONS
DEPARTMENT (NMCD);
UNKNOWN NAMED PRIVATE
CONTRACTOR HEALTH PROVIDER;
ERMA SEDILLO, DEPUTY SECRETARY--
PRISON OPERATIONS, et al.,

    Defendants.

MEMORANDUM OPINION AND ORDER

This matter is before the Court, *sua sponte* under 28 U.S.C. § 1915(e)(2) and Fed. R. Civ. P. 12(b)(6), on Plaintiff's civil rights complaint. Plaintiff is incarcerated, appearing pro se, and proceeding in forma pauperis. For the reasons below, certain of Plaintiff's claims will be dismissed.

The Court has the discretion to dismiss an in forma pauperis complaint *sua sponte* under §1915(e)(2) "at any time if . . . the action . . . is frivolous or malicious; [or] fails to state a claim on which relief may be granted." The Court also may dismiss a complaint *sua sponte* under Fed. R. Civ. P. 12(b)(6) for failure to state a claim if "it is 'patently obvious' that the plaintiff could not prevail on the facts alleged, and allowing him an opportunity to amend his complaint would be futile." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991) (quoting *McKinney v. Oklahoma, Dep't of Human Services*, 925 F.2d 363, 365 (10th Cir. 1991)). A plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544,

570 (2007). In reviewing Plaintiff's pro se complaint, the Court applies the same legal standards applicable to pleadings drafted by counsel but liberally construes the allegations. *See Northington v. Jackson*, 973 F.2d 1518, 1520-21 (10th Cir. 1992).

The complaint alleges that Plaintiff has received inadequate medical treatment for his chronic back pain. Plaintiff also asserts that he has been held in administrative segregation in violation of applicable policies. He contends that Defendants' actions have violated his rights under the Eighth and Fourteenth Amendments. The complaint seeks damages.

No relief is available on Plaintiff's claims against Defendant New Mexico Corrections Department. "A cause of action under section 1983 requires the deprivation of a civil right by a 'person' acting under color of state law. 42 U.S.C. § 1983. . . . As we explained in *Harris*[ *v. Champion*, 51 F.3d 901, 905-06 (10th Cir. 1995)], 'a governmental entity that is an arm of the state for Eleventh Amendment purposes' is not a 'person' for section 1983 purposes." *McLaughlin v. Bd. of Tr. of State Coll.*, 215 F.3d 1168, 1172 (10th Cir. 2000). "In these circumstances, the barrier is not Eleventh Amendment immunity--'[t]he stopper [is] that § 1983 creates no remedy against a State.' " *Prokop v. Colorado*, 30 F. App'x 820, 821 (10th Cir. 2002) (quoting *Arizonans for Official English v. Arizona*, 520 U.S. 43, 69 (1997)). The Court will dismiss Plaintiff's claims against Defendant New Mexico Corrections Department.

Plaintiff asserts his Eighth Amendment claim against Defendant Unknown Named Private Contractor Health Provider. The failure to identify this party precludes service of process under 28 U.S.C. § 1915(d). *See Olsen v. Mapes*, 333 F.3d 1199, 1204-05 (10th Cir. 2003) (noting requirement that Plaintiff provide necessary information for service). Plaintiff will be allowed a reasonable time to provide adequate information for serving the complaint on this party.

IT IS THEREFORE ORDERED that Plaintiff's claims against Defendant New Mexico Corrections Department are DISMISSED with prejudice, and Defendant New Mexico Corrections Department is DISMISSED as a party to this action;

IT IS FURTHER ORDERED that the Clerk is directed to issue notice and waiver of service forms, with a copy of the complaint, for Defendant Sedillo.

_____
UNITED STATES DISTRICT JUDGE